JACOB W. THOMPSON *vs.* WILLIAM W. MOORE & another.

The remedy for an obstruction of a watercourse, and preventing the water from flowing to the land of an owner below, as it has been accustomed to flow, by erecting a dam, and closing the gates at night for the purpose of collecting the water, is by an action of tort, and not by a complaint under the mill acts.

TORT for the obstruction of a watercourse, and preventing the water from flowing to the plaintiff's land in an ancient ditch leading from a brook which runs through land of the defendant. The obstruction complained of was by the erection of a dam across the brook above the point where the ditch enters it, and by shutting down the gates at night for the purpose of collecting the water, and thus stopping the natural flow of the stream. At

the trial in the superior court, the defendants admitted that the plaintiff had a right to keep the ditch open, but contended that his remedy was under the mill acts; but *Morton,* J. ruled that the plaintiff was entitled to recover in this form of action, and a verdict was returned for him accordingly, and the defendants alleged exceptions.

*G. Wells,* (*N. A. Leonard* with him,) for the defendants.

*H. Morris,* for the plaintiff, was not called upon.

BIGELOW, C. J.   The injury of which the plaintiff complains does not come within those for which a remedy is provided by the mill acts.   Gen. Sts. *c.* 149.   The scope and purpose of that statute are to provide a specific mode of redress for those who sustain damage by reason of the erection of a dam to raise a head of water whereby their land is, in the words of the statute, " overflowed or otherwise injured."   The latter clause, literally interpreted, is certainly broad enough to cover every species of injury or damage which might arise from the erection and maintenance of a dam.   But, looking at the original design and intent of the legislature in enacting laws for the support and regulation of mills, and taking into view the successive acts which have been passed *in pari materia,* it is clear that the remedy thereby provided is intended to be confined solely to cases where land is overflowed by raising a head of water, and to the incidental and consequential damages which necessarily and naturally arise therefrom.   This is settled by a series of adjudicated cases.   For all other injuries the remedy at common law still remains, and the party sustaining damage can maintain an appropriate action to recover it.   *Hill* v. *Sayles,* 12 Met. 142. *Andover* v. *Sutton,* Ib. 182.   *Eames* v. *N. E. Worsted Co.* 11 Met. 571.   *Murdock* v. *Stickney,* 8 Cush. 116.   In the case at bar, the whole injury alleged by the plaintiff arises not from an overflow of water occasioned by the dam of the defendants, but from a diversion or withholding of it from the course or channel through which it ought to flow to the premises of the plaintiff.   Such an act is not the usual, ordinary or necessary result of the erection of a mill, and was not intended to be comprehended in the class of cases to which the mill acts are applicable.   The plaintiff

therefore is entitled to maintain his action at law to recover damages for an act of the defendants which he has proved to have been unlawful.                    *Exceptions overruled.*